UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| ERIC ANTHONY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0: 18-31-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| C. SERRANO, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Eric Anthony Johnson is an inmate confined at the Boyd County Detention Center ("BCDC") in Catlettsburg, Kentucky. Johnson has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [D. E. No. 1] The Court has granted Johnson *pauper* status by prior Order.

The Court must conduct a preliminary review of Johnson's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Johnson's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual

allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Johnson alleges that in June 2015, two bail bondsman attempted to apprehend him at a home in Ashland, Kentucky. He hit one of them with a glass ashtray (in self-defense, he contends) before fleeing the house. [D. E. No. 1 at 2] Johnson states that in October 2018 – October 2017, the Court assumes – he was arrested in Ohio for driving on a suspended license. Two weeks later he was extradited to Boyd County, Kentucky pursuant to a Kentucky warrant on a charge of second degree assault, apparently arising out of his altercation with the bail bondsmen. *Id.* at 2.

Johnson alleges that Ashland police officer C. Serrano included materially false statements and omissions in the June 2015 warrant request because the bail bondsmen acted illegally and he acted in self-defense. [D. E. No. 1 at 2-3] He further alleges that Commonwealth Attorney Rhonda Copley acted improperly for the same reasons when she obtained an indictment against him on this charge. Finally, Johnson alleges that the bail bondsmen admitted to Sergeant T. Renfro that they intended to take him across state lines to face a misdemeanor charge. *Id.* at 3-4. Johnson contends that the defendants' actions constituted false arrest, malicious prosecution, and abuse of process, and seeks damages against each of the defendants. [D. E. No. 1 at 1, 4]

The Court has thoroughly reviewed the complaint, but concludes that it must be dismissed, without prejudice to Johnson's right to file a new case at the appropriate time. This is so because the criminal charges about which Johnson complains are still pending against him in the Circuit Court of Boyd County, Kentucky, with a pretrial conference set in that case on March 23, 2018. *Commonwealth v. Johnson*, No. 18-CR-0004 (Boyd. Cir. Ct. 2018).[1] Where

> ... a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. ... If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, [*Heck v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393 (2007); see also *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). Similarly, dismissal of the criminal charges is a prerequisite to a malicious prosecution claim, which requires the plaintiff to establish the favorable termination of the prosecution against him. *Johnson v. Moseley*, 790 F. 3d 649, 654 (6th Cir. 2015). Therefore, at a minimum, Johnson's

---

[1]    See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=010&court=1& division=CI&caseNumber=18-CR-00004&caseTypeCode=CR&client_id=0 (last visited on March 13, 2018).    The Court takes judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), and may consider such information when determining whether a claim must be dismissed for failure to state a claim, *Lovelace v. Software Spectrum, Inc.*, 78 F. 3d 1015, 1017-18 (5th Cir. 1996).

claims regarding his prosecution would have to be stayed pending the outcome of his state court criminal proceedings.

But where, as here, Johnson's claims directly challenge the viability of the criminal prosecution against him, abstention is warranted. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). To determine whether *Younger* abstention is required, a court considers whether (1) a state proceeding is pending at the time the federal action is initiated; (2) an adequate opportunity is provided to raise the constitutional claims in state court; and (3) there are extraordinary circumstances that nevertheless warrant federal intervention. *Id.*

The criminal charges against Johnson remain pending, and he has not suggested that the state court would not give full and fair consideration to his constitutional claims as part of a defense to the charges against him. Due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County*

*Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in the complaint indicates the presence of any factor which "render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. See *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). *Younger* abstention is therefore warranted and appropriate with respect to Johnson's allegations regarding alleged constitutional infirmities in his prosecution. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

Having dismissed all of the federal claims over which this Court possesses original subject matter jurisdiction upon initial screening, the Court will dismiss the pendent state law claim for abuse of process without prejudice pursuant to 28 U.S.C. § 1367(c).

Accordingly, **IT IS ORDERED** as follows:

1.  Johnson's complaint [D. E. No. 1] is **DISMISSED** without prejudice.

2.  The Court will enter an appropriate judgment.

3.  This matter is **STRICKEN** from the active docket.

This the 27th day of March, 2018.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge